NO. 12-03-00233-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ISABELLA MICHELLE ORTEGA,                 §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 COUNTY CRIMINAL COURT # 8

THE STATE OF TEXAS,
APPELLEE                                                        §                 TARRANT COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Isabella Michelle Ortega appeals her conviction for theft of between fifty and five hundred
dollars, for which she was sentenced to confinement for sixty days.


 Appellant raises one issue on
appeal. We affirm.
 
Background
            Appellant was charged by information with theft of property with a value of fifty dollars or
more, but less than five hundred dollars. Appellant pleaded “not guilty.”
            Darla Silva, a loss prevention officer at Wal-Mart, testified that on November 1, 2002 she
observed Appellant and her daughter in the Wal-Mart store where Silva worked. Silva testified that
Appellant and her daughter were acting very suspiciously in that they were initially looking at
“everything else” and not really shopping. As Silva observed the two, she noted that they placed
smaller items in the top portion of the shopping basket. Silva testified that shoplifters often place
items in the top portion of the shopping basket even though there is a greater likelihood that smaller
items could fall out. Silva noted that she watches for such conduct because placing items in the top
portion of the shopping cart creates easier access for a person to later conceal the items in a purse
or in other merchandise. 
            Silva, who was dressed in plain clothes, followed Appellant and her daughter into the
hardware section. Silva testified that Appellant selected two ceramic space heaters, which were in
boxes with extra space at the top of each box, and placed them in the shopping cart. Silva testified
that the two moved into what Silva referred to as a “concealment aisle,” and, as Appellant watched,
her daughter stuffed items such as two containers of lotion, one container of powder, one container
of blush, one container of foundation, three containers of medicine, one container of eyeshadow, one
apple corer, and one container of fragrance, in one of the heater boxes. Silva testified that Appellant
was standing at the front of the basket and participating in the concealment of the items by signaling
to her daughter with her eyes when it was safe to proceed.
            Silva testified that Appellant’s daughter had difficulty removing the plastic wrapping from 
an item and was making a bit of noise in the process. Silva testified that Appellant made noise at
the same time to drown out the noise created by her daughter’s unwrapping the merchandise.
            Eventually, Appellant and her daughter checked out. Appellant paid for some items,
including the ceramic heaters. However, the cashier did not check inside the fan boxes, nor did
Appellant or her daughter pay for the items concealed therein. After checking out, Appellant and
her daughter left the store. Silva confronted them outside. Appellant told Silva that she did not
know what Silva was talking about and denied any wrongdoing. Silva then opened the box and
showed Appellant the merchandise. The value of the merchandise was later determined to be
$75.82.
            Appellant and her daughter returned to the store with Silva, who called the police. Appellant
and her daughter were subsequently arrested.
            Appellant and her daughter both testified in Appellant’s defense. Appellant’s daughter
testified that Appellant had not gone to work that day because she had been sick, but nonetheless,
she and Appellant had gone to Wal-Mart to get sandwiches at the snack bar. Appellant’s daughter
stated that she and Appellant decided to “get some stuff” so Appellant would not have to return
later.


 Appellant’s daughter claimed that in order to make Appellant mad, she had shoplifted items
for her personal use. Appellant’s daughter insisted that Appellant had no knowledge that she had
stolen anything, and further stated that Appellant had not encouraged her or aided her in taking the
merchandise. Appellant’s daughter further testified that she had not placed a majority of the items
in the heater box, but rather, had concealed them under her sweater.



            Appellant testified that she worked as an investigator for the Texas Workforce Commission,
but had stayed home from work that day because she was suffering from asthma and allergies. 
Appellant stated that sometime after dark when it was “really cold” and raining outside, she and her
daughter decided to go to Wal-Mart to eat a chopped barbeque sandwich. Appellant testified that
she was so medicated that she had no taste for food. Appellant stated that after her daughter finished
eating, they began to shop, and selected items such as dog food, cat food, cat litter, and two space
heaters. Appellant testified that she did not pay attention to what her daughter was doing, and
further, because her wrists were sore from tendinitis, she allowed her daughter to place the items in
the cart onto the checkout counter. Appellant stated that she paid for the items the clerk rang up and
left the store with her daughter.
            Appellant recounted that once she and her daughter were outside, Silva stopped them, and
asked her daughter, “Do you want to tell her or shall I?” Appellant looked at her daughter and asked
her if she had done something, to which her daughter responded that she was not going to say
anything. Appellant testified that Silva searched her daughter and found various items in her pocket. 
Appellant stated that Silva took her daughter on a search for a missing bottle of perfume, and when
she ultimately only found an empty box, Silva produced a new bottle. 
            Appellant acknowledged that her daughter had taken various items; however, she denied that
her daughter had taken the perfume. Appellant further testified that she had been unaware that her
daughter had stolen any merchandise or put any items in the heater box. Appellant stated that she
had not encouraged or aided her daughter in the theft.
            The jury found Appellant guilty as charged. The trial court subsequently sentenced Appellant
to confinement for sixty days, but suspended Appellant’s sentence and placed her on community
supervision for eighteen months. This appeal followed.
 
Evidentiary Sufficiency 
            In her sole issue, Appellant contends that the evidence is insufficient to support the jury’s
verdict with regard to her theft conviction.
Legal Sufficiency
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.–San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury’s verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).
            The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that “accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant is tried.” Id.


 
            A person commits the offense of theft if, she, without the owner’s consent, appropriates
property with the intent to deprive the owner of the property. See Tex. Pen. Code Ann. § 31.03(a),
(b) (Vernon 1989). A person is criminally responsible as a party to an offense if the offense is
committed by the conduct of another for which she is criminally responsible. See Tex. Pen. Code
Ann. § 7.01(a) (Vernon 1977). A person is criminally responsible for an offense committed by the
conduct of another if, with intent to promote or assist the commission of the offense, she solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense. See Tex. Pen.
Code Ann. § 7.02(a)(2) (Vernon 1977).
            In the case at hand, Silva testified that Appellant helped to choose the items her daughter
placed in the basket, and further, that Appellant and her daughter intentionally positioned themselves
in a concealment aisle away from surveillance cameras so that Appellant’s daughter could unwrap
the merchandise and hide it in the box while Appellant stood lookout. Silva’s testimony further
related that Appellant signaled to her daughter when to conceal items and that Appellant made noises
in an attempt to cover up the noise caused by her daughter’s removing plastic wrapping. Silva
further related that Appellant failed to pay for the items concealed in the heater box, and later took
the items outside of the store. Silva testified that the items taken, for which Appellant did not pay,
were as follows: one container of fragrance, two containers of lotion, one container of powder, one
container of blush, one container of foundation, three containers of medicine, one container of
eyeshadow, and one apple corer. Finally, Silva testified that the total value of the items taken for
which Appellant did not pay, and did not have permission to take, was $75.82. Viewing the
aforementioned evidence in a light most favorable to the jury’s verdict, we hold that the evidence
is legally sufficient to support Appellant’s theft conviction.
Factual Sufficiency
            Turning to Appellant’s contention that the evidence is not factually sufficient to support the
jury’s verdict, we must first assume that the evidence is legally sufficient under the Jackson
standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all
of the evidence in the record related to Appellant’s sufficiency challenge, not just the evidence which
supports the verdict. We review the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute, and compare it to the evidence that tends to disprove that fact. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports the verdict. Clewis,
922 S.W.2d at 133. Our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury’s verdict on such matters is generally regarded as conclusive. 
See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d). Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside “only if the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and
manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 
            Here, there is conflicting testimony concerning whether Appellant was aware that her
daughter was concealing merchandise in the heater box. Silva’s testimony supports a conclusion that
Appellant not only knew her daughter was concealing merchandise, but also assisted her daughter
in the commission of the offense. 
            We iterate that our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony, see Santellan, 939 S.W.2d at 164, and
where there is conflicting evidence, the jury’s verdict on such matters is generally regarded as
conclusive. See Van Zandt, 932 S.W.2d at 96. It follows that the jury was entitled to find that Silva
was a more credible witness than either Appellant or her daughter. See Thompson v. State, 54
S.W.3d 88, 97 (Tex. App.–Tyler 2001, pet. ref’d). Our review of the record as a whole, with
consideration given to all of the evidence, both for and against the trial court’s finding, has not
revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak
or is otherwise so greatly outweighed by contrary proof as to render Appellant’s conviction clearly
wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support
the trial court’s verdict. Appellant’s sole issue is overruled.
 
Conclusion
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
























(DO NOT PUBLISH)